UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION DIVISION

IN RE:                                                                                          CASE NO. 19-13274
                                                                                                      CHAPTER 13
ANTHONY TENKOTTE
                                                                                                      JUDGE JEFFERY P. HOPKINS

                    DEBTOR                                                         **NOTICE OF FINAL CURE PAYMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Margaret A. Burks files this Notice of Final Cure Payment.

There was no default listed in the claim.

See attached Memorandum detailing post-petition payments. Pursuant to Order on 10/22/21 (doc 72), Trustee shall cease disbursements on pre and post - petition arrearages.

**Name of Creditor:** SN Servicing Corporation

**Final Cure Amount**

| Court Claim # | Account Number | Claim Asserted | Claim Allowed | Amount Paid |
|---|---|---|---|---|
| 10 | 4523 | $0.00 | $0.00 | $0.00 |

Total Amount Paid by Trustee

**Monthly Ongoing Mortgage Payment**

Mortgage is Paid:

**X**   Through the Chapter 13 Conduit                    ___ Direct by the Debtor

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the Debtor, Debtor's Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating 1) whether it agrees that the Debtor has paid in full the amount required to cure the default on the claim; and 2) whether the Debtor is otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f). Failure to notify may result in sanctions.

CASE NO. 19-13274

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Final Cure Payment was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and

by **first class mail** on September 27, 2022 addressed to:

ANTHONY TENKOTTE, 3976 WILLIAMS DR., CINCINNATI, OH  45255

SN SERVICING CORPORATION, 323 5TH STREET, EUREKA, CA  95501

/s/ MARGARET A BURKS, TRUSTEE
MARGARET A BURKS, TRUSTEE
CHAPTER 13 TRUSTEE
600 VINE, SUITE 2200
CINCINNATI, OH 45202

CASE NO. 19-13274

**CHAPTER 13 TRUSTEE'S MEMORANDUM REGARDING NOTICE OF FINAL CURE**

No pre-petition mortgage arrearage was paid by the Trustee.  The Trustee paid to SN Servicing Corporation post-petition payments as follows:

$1,224.47 for the months of OCTOBER 2019 -  OCTOBER 2020 - LOAN MOD DOC 72 subtotaling $13,935.68;*

$1,322.94 for the months of NOVEMBER 2020 - DECEMBER 2020 - LOAN MOD DOC 72 subtotaling $391.79;*

$1,096.61 for the months of JANUARY 2021 - FEBRUARY 2021 subtotaling $2,193.22;

$1,163.15 for the months of MARCH 2021 – JULY 2022 subtotaling $19,773.55;

$1,085.97 for the months of AUGUST 2022 - SEPTEMBER 2022 subtotaling $2,171.94.

Debtor(s) must resume the regular mortgage payment beginning with the October 2022 mortgage payment.

* Pursuant to Order Granting Motion to Approve Permanent Loan modification on 10/22/21 (doc 72), Trustee shall cease disbursements and pre and post-petition arrearages.